
FILED
6/1/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FRANKLIN C. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 1:20-cv-00900 (UNA) |
| v. | ) |
| | ) |
| FREDDIE G. BURTON, JR., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff, a prisoner designated to Virginia Beach City Jail, filed initiated this matter on April 2, 2020, by filing a *pro se* complaint and application for leave to proceed *in forma pauperis*. He failed, however, to file a certified copy of his trust fund account statement as required by 28 U.S.C. § 1915(a)(2). On April 7, 2020, the court issued an order directing plaintiff to provide this information within 30 days or otherwise suffer dismissal of this matter without prejudice.

Plaintiff has now complied with the court's order and filed his financial information in accordance with 28 U.S.C. § 1915(a)(2). The court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B), by which the court is required to dismiss a case "at any time" if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff has filed a rambling complaint consisting of unconnected anecdotes and mostly incomprehensible allegations. It appears that plaintiff believes there exists a wide-ranging conspiracy among a probate court judge located in Wayne County, Michigan, other court personnel, and several local attorneys and other individuals, to do him harm and deprive him of funds. He alleges that they have consorted with the FBI and CIA and "shot at [his] bedroom window[,] costing [him] several more hundred million in resources in manpower hours." He also alleges that "gangsters" in Detroit are engaged in a "murder for hire" scheme against him relating to the distribution of his mother's estate. He seeks monetary damages and equitable relief.

The court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981).

The instant complaint satisfies this standard. In addition to failing to state a claim for relief or to establish jurisdiction before this court, the complaint is deemed frivolous on its face. Consequently, the complaint and this case will be dismissed. A separate order accompanies this memorandum opinion.

_____/s/_____
Emmet G. Sullivan
United States District Judge

DATE: June 1, 2020